IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARAY UZOCHUKWU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1512-HE |
| | ) |
| JUSTIN JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION: THE SUMMARY
JUDGMENT MOTION BY THE PRIVATE-PRISON DEFENDANTS**

Invoking 42 U.S.C. § 1983, Mr. Laray Uzochukwu has sued thirteen prison workers after he was allegedly exposed to a chemical. The claims involve retaliation, denial of medical care, and excessive force.

The prison workers move for summary judgment, and the motion requires the Court to address three issues:

1. Retaliation: When Mr. Uzochukwu wanted medical care, he asked the nurse to enter the cell. One of the defendants, Lt. Mead, told the nurse not to go in unless Mr. Uzochukwu was in restraints. The Plaintiff attributed this instruction to hostility arising out of prior litigation against Lt. Mead. As a result, the Court must ask: Is the Plaintiff's reference to the earlier suit enough to prevent summary judgment on the element of a retaliatory intent?

   The answer is *no* because the Plaintiff lacks evidence connecting Lt. Mead's conduct to the prior suit.

2. Excessive Force: Officer Tommy Sharbutt put handcuffs on Mr. Uzochukwu. In response to the unsworn complaint, Officer Sharbutt stated under oath that he had secured the handcuffs to the cell door because of Mr. Uzochukwu's threat to use them as a weapon. Is Officer Sharbutt entitled to summary judgment on the excessive force claim based on his sworn statement and the absence of contrary evidence?

The answer is *yes*. The Plaintiff has not presented any evidence to rebut Officer Sharbutt's sworn statement, and the absence of a fact-dispute entitles Officer Sharbutt to summary judgment.

3. Denial of Medical Care: The Plaintiff allegedly had trouble breathing (after his exposure to a chemical) and tried unsuccessfully to obtain medical care. The Defendants present evidence that they had attempted to provide medical care and the Plaintiff refused to cooperate. Although the Plaintiff disagrees, he has not presented any contrary evidence. In these circumstances, are the Defendants entitled to summary judgment on the medical claim?

The answer is *yes*. The Defendants' unrebutted evidence prevents liability because the denial of medical care stemmed from the Plaintiff's lack of cooperation rather than deliberate indifference by prison officials.

Accordingly, the Defendants are entitled to summary judgment and the Court need not address their other arguments.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the Defendants "show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law."[1] Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

---

[1] Fed. R. Civ. P. 56(a).

- "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[2]

A prisoner's properly verified complaint can be treated as an affidavit for summary judgment purposes,[3] but Mr. Uzochukwu's complaint is unverified.[4]

When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party."[5] The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case.[6] Because the Defendants do not bear the burden of persuasion, their only obligation is to produce affirmative evidence negating an essential element of the claims or to show that Mr. Uzochukwu lacks evidence to carry his burden of persuasion.[7] Once the Defendants satisfy their burden, the Plaintiff can only avoid summary judgment if he presents evidence creating

---

[2] Fed. R. Civ. P. 56(c)(1)(A)-(B).

[3] *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*) ("a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" (citations omitted)).

[4] *See* Compl., *passim*, ECF No. 1.

[5] *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

[6] *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof on the essential elements of a cause of action arising under Section 1983).

[7] *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

"an inference of the existence of each element essential to the case with respect to which [he] has the burden of proof."[8]

## THE CLAIM INVOLVING RETALIATION

Mr. Uzochukwu states that "security personal [sic] possibly" disallowed medical care as retaliation for a prior lawsuit.[9]

The Court's threshold task involves identification of the person being sued for retaliation. That person is Lt. Mead, for he is named in the complaint as the prison official who had previously been sued[10] and had sent the nurse away.[11] Based on these statements in the complaint, the Defendants have interpreted the claim as involving only Lt. Mead;[12] and this interpretation is reasonable.

The resulting question is whether Lt. Mead is entitled to summary judgment on the retaliation claim. The answer is *yes*.

To prevail on the retaliation claim, Mr. Uzochukwu "must prove that 'but for' the retaliatory motive, the incident[] to which he refers . . . would not have taken place."[13] Even

---

[8] *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted).

[9] Compl. 2, ECF No. 1.

[10] Compl. 7, ECF No. 1.

[11] Compl. 7, ECF No. 1.

[12] Def.'s Mot. Summ. J. 6-7, ECF No. 37.

[13] *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) (citation omitted).

viewed in the light most favorable to the Plaintiff, the evidence would not create a genuine issue of material fact.

Defendants Mead and Frazier state under oath that prison policy requires a conscious inmate to be secured before medical attention is given,[14] and the Plaintiff does not respond with any contradictory evidence.[15] Application of the policy is undisputed, for the parties agree that Mr. Uzochukwu had been ordered to "cuff up" so that medical care could be administered.[16] The Plaintiff and the Defendants disagree on the reason for Mr. Uzochukwu's refusal, but agree that he was never handcuffed.[17]

The Defendants present affirmative evidence negating an essential element of the retaliation claim (causation), showing that Lt. Mead would have needed to withhold medical treatment regardless of any retaliatory motive. The Plaintiff says only in an unverified complaint that the denial of medical care might "possibly" have been retaliatory.[18] That possibility does not constitute evidence of a refusal to allow medical care because of an intent to retaliate.[19] Accordingly, Lt. Mead is entitled to summary judgment on the retaliation claim.

---

[14] LCF Special Report Ex. 5, 6, ECF No. 36.

[15] *See supra* pp. 2-3.

[16] Compl. 7, ECF No. 1; Def.'s Mot. Summ. J. 7, ECF No. 37 (citing LCF Special Report Ex. 5, 6, ECF No. 36).

[17] Compl. 7, ECF No. 1; Def.'s Mot. Summ. J. 7, ECF No. 37 (citing LCF Special Report Ex. 5, 6, ECF No. 36).

[18] *See supra* pp. 3-4.

[19] *See Strope v. Cummings*, 381 F. App'x 878, 883-84 (10th Cir. 2010) (affirming the award of summary judgment to prison officials on a retaliation claim when the defendants presented

## THE CLAIM INVOLVING EXCESSIVE FORCE

One claim involves excessive force, and the Defendants believe it involves two separate incidents: (1) Exposure to the chemical spray (used on another inmate), and (2) the use of force during the placement of restraints on the Plaintiff.[20] Thus, the Court must begin by determining whether the excessive-force claim involves one incident or two.

The claim involves only one incident, and the Defendants' interpretation is incorrect. Mr. Uzochukwu pled "deliberate indifference" based on the lack of medical care following the exposure to the chemical spray; he used the phrase "excessive force" only to describe the handcuffing incident.[21] The Plaintiff clearly understands how to draft an excessive force claim, and he did not do so regarding the exposure to chemical spray.

The resulting issue is whether Defendants Chester, Whitten, and Sharbutt (the three prison workers named on the excessive-force claim) are entitled to summary judgment. The answer is *yes*.

---

evidence of a legitimate reason for a transfer and the prisoner had only his own conjecture regarding an intent to retaliate).

[20]  Def.'s Mot. Summ. J. 7-8, ECF No. 37.

[21]  Compl. 3, ECF No. 1.

Generally, the Eighth Amendment prevents "'the unnecessary and wanton infliction of pain . . . .'"[22] In excessive-force cases, constitutionality "turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"[23]

The Defendants seeks summary judgment on grounds that any force used was "in an effort to restore or maintain discipline, and not applied maliciously or sadistically to cause harm."[24] For this argument, the defense evidence is undisputed.

In his complaint, Mr. Uzochukwu alleges that he was handcuffed by Mr. Sharbutt and pulled "around the beanshoot tray slot."[25] Officer Sharbutt then allegedly injured the Plaintiff's hand by putting the restraints around the door handle.[26]

Defendant Sharbutt states under oath that after restraining one wrist, the Plaintiff began to resist, pulling on the handcuffs and threatening to use them as a weapon.[27] According to Officer Sharbutt, the threat led him to handcuff the Plaintiff to a door.[28]

---

[22]   *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation omitted).

[23]   *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citation omitted).

[24]   Def.'s Mot. Summ. J. 9-10, ECF No. 37.

[25]   Compl. 3, ECF No. 1.

[26]   Compl. 8, ECF No. 1.

[27]   LCF Special Report Ex. 7, ECF No. 36.

[28]   LCF Special Report Ex. 7, ECF No. 36.

As noted above, the Plaintiff's description of the incident could suggest that he was not resisting the officer. But Mr. Uzochukwu did not verify the complaint;[29] and in the face of a summary judgment motion, his unsworn factual allegations are insufficient.[30] Thus, the undisputed evidence reflects the use of force in a good-faith effort to restore discipline. Because Mr. Uzochukwu has not created a genuine issue of material fact, Defendants Chester, Whitten, and Sharbutt are entitled to summary judgment on the excessive-force claim.

## THE CLAIM INVOLVING DENIAL OF MEDICAL CARE

According to Mr. Uzochukwu, he was exposed to a chemical agent and denied medical care.[31] Defendants Chester, Whitten, Mead, Cantwell, Billings, Hildner, Pool, Frazier, Stouffer, Sharbutt, Robinson, Ford, and Brashears are entitled to summary judgment on this claim.

---

[29] *See supra* p. 3.

[30] *See Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1150-51 (10th Cir. 2006) (stating that an unsworn complaint does not prevent summary judgment).

[31] Compl. 3, 7, ECF No. 1.

A prison official violates the Eighth Amendment if a denial of medical care was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health.[32] "Deliberate indifference" is an element of the Plaintiff's *prima facie* case.[33] Thus, when the defendants present evidence negating the "deliberate indifference" element, the burden would shift to the plaintiff to show that officials had known of his serious medical needs and disregarded them.[34]

The Defendants present evidence that medical care was unavailable only because the Plaintiff refused to cooperate. Although Mr. Uzochukwu complained that he could not breathe, he remained conscious.[35] A nurse and other prison officials arrived to give medical help; but Mr. Uzochukwu "refused to come to the door to be secured"[36] in compliance with existing policy.[37] Still, the Plaintiff was taken to the medical unit "for an examination later that evening."[38]

---

[32] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[33] *See Johnson v. Mullin*, 422 F.3d 1184, 1185 (10th Cir. 2005) (stating that deliberate indifference to the plaintiff's "medical needs" was "an essential element of his case").

[34] *See supra* pp. 3-4 (discussing the burden on summary judgment); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that for deliberate indifference under 42 U.S.C. § 1983, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and he must "draw the inference").

[35] LCF Special Report Ex. 5, ECF No. 36.

[36] LCF Special Report Ex. 5, ECF No. 36.

[37] LCF Special Report Ex. 6, ECF No. 36.

[38] LCF Special Report Ex. 5, ECF No. 36.

In his complaint, Mr. Uzochukwu denied that he could come to the door and said that he was not examined that evening.[39] But the Plaintiff did not verify his complaint or respond to the summary judgment motion and his unsworn allegations do not create a genuine factual dispute.[40] Thus, the Court cannot consider the Plaintiff's unsworn denials and the Defendants' affidavits prevent a triable issue on the element of deliberate indifference.

A similar issue arose in *Olson v. Coleman*.[41] There too the prisoner alleged denial of medical treatment but offered only unsworn statements, and the defendants presented affidavits that the inmate had been uncooperative in his own medical treatment.[42] In the absence of a genuine factual dispute, the Tenth Circuit Court of Appeals held that "[p]rison officials [had] demonstrated no deliberate indifference to serious medical needs" and affirmed the award of summary judgment to the defendants.[43]

*Olson v. Coleman* is persuasive in light of the similarity in fact-patterns. Like the prisoner in *Olson*, Mr. Uzochukwu alleged denial of medical care but failed to verify his complaint or present any supporting evidence. As a result, the Court has only the

---

[39] Compl. 7, ECF No. 1.

[40] *See supra* pp. 3, 5-6, 8.

[41] *Olson v. Coleman*, Nos. 92-3281, 92-3334, 92-3335, 92-3369, 1993 WL 141135 (10th Cir. Apr. 28, 1993) (unpublished op.).

[42] *Olson v. Coleman*, Nos. 92-3281, 92-3334, 92-3335, 92-3369, 1993 WL 141135, at *1 (10th Cir. Apr. 28, 1993) (unpublished op.).

[43] *Olson v. Coleman*, Nos. 92-3281, 92-3334, 92-3335, 92-3369, 1993 WL 141135, at *1 (10th Cir. Apr. 28, 1993) (unpublished op.) (citation omitted).

Defendants' undisputed evidence, which ties the denial of medical care to the Plaintiff's lack of cooperation rather than the prison workers' deliberate indifference. In these circumstances, the Court should follow *Olson* and grant the Defendants' motion for summary judgment on the medical claim.

## PROPOSED RULINGS

I recommend that the Court grant summary judgment to:

- Defendant Mead on the retaliation claim;

- Defendants Chester, Whitten, and Sharbutt on the claim involving excessive force; and

- Defendants Chester, Whitten, Mead, Cantwell, Billings, Hildner, Pool, Frazier, Stouffer, Sharbutt, Robinson, Ford, and Brashears on the claim involving denial of medical care.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object by filing an objection with the Clerk of this Court by January 2, 2013.[44] The failure to timely object could prevent appellate review of the suggested rulings.[45]

## DOCKETING INSTRUCTIONS

With this report, the referral is not discharged.

---

[44] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A), 6(a)(6)(A), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[45] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 13th day of December, 2012.

*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge