IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARAY UZOCHUKWU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1512-HE |
| | ) |
| JUSTIN JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION:  THE
MOTION TO DISMISS BY DEFENDANT JUSTIN JONES**

Mr. Laray Uzochukwu is a state prisoner who claims that while at a private prison, he was: (1) injured through excessive force and denial of medical care, and (2) possibly subjected to retaliation for filing a lawsuit.  The defendants include Justin Jones, the Director of the Oklahoma Department of Corrections, who seeks dismissal based on:  (1) Eleventh Amendment immunity, and (2) failure to allege an affirmative link between himself and the wrongful actions.  The motion to dismiss creates three issues:

1. Eleventh Amendment Immunity on Damages:  Is Mr. Jones immune from monetary damages in his official capacity?  My answer is *yes* because the Eleventh Amendment provides immunity from monetary relief to a state employee who is sued in his official capacity.

2. Eleventh Amendment Immunity on Equitable Relief:  In part, Mr. Uzochukwu seeks an award of clemency time, and the Eleventh Amendment covers equitable claims when they do not involve an ongoing violation.  For the official-capacity claims against Mr. Jones, is the prayer for clemency time covered by the Eleventh Amendment?  The answer is *yes* because the alleged violation by Justin Jones is not ongoing.

      3.      Personal Participation: Does the complaint contain factual allegations that would create an affirmative link between Mr. Jones and the wrongful actions? The answer is *no*, for the complaint indicates only that Mr. Jones failed to intervene after he learned of the Plaintiff's allegations through the grievance process. This allegation would not support personal liability for Mr. Jones.

Based on these conclusions, I recommend an order granting Mr. Jones's motion to dismiss. With this ruling, the Court would not need to address his other arguments.

## STANDARD FOR DISMISSAL

In determining whether to order dismissal, the Court considers whether Mr. Uzochukwu has pled "enough facts to state a claim to relief that is plausible on its face."[1] To apply this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff.[2]

## THE OFFICIAL-CAPACITY CLAIMS

Mr. Jones is entitled to Eleventh Amendment immunity on the claims in his official capacity.

The Eleventh Amendment prevents an award of money damages when a defendant is a state official being sued in his official capacity.[3] An exception exists when the state

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

[3] *See, e.g.*, *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("the Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in [his] official capacity in a suit for damages").

waives Eleventh Amendment immunity or it is abrogated by Congress.[4] These circumstances do not exist here.[5] Thus, in his official capacity, Mr. Jones enjoys immunity under the Eleventh Amendment on the claims for monetary relief.[6]

Immunity can sometimes be avoided for official-capacity claims when the plaintiff seeks an equitable remedy for "an 'ongoing violation of federal law.'"[7] But Mr. Uzochukwu does not satisfy this exception, for he seeks "clemency" time as an equitable remedy for past wrongdoing by Mr. Jones[8] and has not alleged an ongoing constitutional violation. Thus, in his official capacity, Mr. Jones enjoys protection under the Eleventh Amendment on the request for clemency time.[9]

In summary, Mr. Jones is entitled to Eleventh Amendment immunity on the official-capacity claims. With this immunity, Mr. Jones would be entitled to dismissal; however, the

---

[4]   *See Virginia Office for Protection & Advocacy v. Stewart*, __ U.S. __, 131 S. Ct. 1632, 1637 (2011).

[5]   *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[6]   *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

[7]   *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (1998) (citing *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)).

[8]   Compl. 5, 7-8, ECF No. 1.

[9]   *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (stating that the Eleventh Amendment precludes official-capacity claims to redress past wrongdoing because the exception is limited to "ongoing" violations (citation omitted)).

dismissal should be without prejudice because Eleventh Amendment immunity involves jurisdiction rather than the substance of the claim.[10]

## THE INDIVIDUAL-CAPACITY CLAIMS

Mr. Uzochukwu also asserts a personal-capacity claim against Mr. Jones, who contends that the complaint did not suggest an affirmative link between his actions and the alleged wrongdoing.[11] To resolve this issue, the Court must begin by identifying the conduct that Mr. Uzochukwu attributes to Mr. Jones.

For the claims involving the alleged denial of medical care and retaliation, the Plaintiff states that Mr. Jones knew of a serious health risk and is being sued because of his "personal acts . . . through appeals, approvals, and personal contributions."[12] For the excessive-force claim, the Plaintiff alleges that Mr. Jones learned "of this incedent [sic] through Rts., grievance, grievance appeals process, and through personal contributions to this act of violence."[13]

---

[10] *See Wideman v. Colorado*, 409 F. App'x 184, 186 (10th Cir. 2010) (upholding the dismissal of Eleventh Amendment claims, but remanding with instructions to make the dismissal without prejudice); *see also Brereton v. Bountiful City Corp.* 434 F.3d 1213, 1218 (10th Cir. 2006) ("dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims" (citations omitted)).

[11] Def. Jones's Mot. to Dismiss 6-8, ECF No. 30.

[12] Compl. 7, ECF No. 1.

[13] Compl. 8, ECF No. 1.

Even with a generous construction, the complaint does not suggest that Mr. Jones knew about the medical care or use of force at the time of the alleged wrongdoing. Instead the Plaintiff suggests that Mr. Jones learned of the violations through the grievance process, and that suggestion would not create a valid basis for personal liability.

Personal participation is necessary for individual liability under Section 1983.[14] Thus, Mr. Uzochukwu "must plead that [Justin Jones], through [his] own individual actions, has violated the Constitution."[15] At a minimum, the Plaintiff must identify "an 'affirmative link' between [Mr. Jones] and the [constitutional] violation, namely the active participation or acquiescence of [Mr. Jones] in the constitutional violation by the subordinates."[16]

With liberal construction, the complaint suggests that Mr. Jones failed to assist after he had learned of the alleged violations through the grievance process.[17] But this involvement would not suffice for the required link between Mr. Jones's actions and the alleged violations, as the Tenth Circuit Court of Appeals stated in *Gallagher v. Shelton*:

> We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of

---

[14]   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)).

[15]   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[16]   *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted).

[17]   *See supra* 4; *see also* Compl. 7-8, ECF No. 1.

constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.[18]

Under *Gallagher*, action or inaction through the grievance process would not create individual liability;[19] and Mr. Uzochukwu has not suggested any other link between Mr. Jones and the alleged injury.

In his reply brief, Mr. Uzochukwu argues that Mr. Jones was negligent by failing to ensure that the private-prison officials were aware of past medical problems.[20] Ordinarily, the Court does not address claims raised for the first time in a reply brief;[21] regardless, this argument would lack merit because negligent conduct does not trigger liability under Section 1983.[22]

The Court must determine whether the Plaintiff has sufficiently linked Mr. Jones to the alleged wrongdoing by private-prison employees. Mr. Uzochukwu has not alleged facts that would create this link, and the Court should order dismissal of the claims against Mr.

---

[18] *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

[19] *See Adams v. Jones*, No. CIV-10-920-F, 2012 WL 1574422, at *2 (W.D. Okla. Mar. 29, 2012) (unpublished report by magistrate judge, stating that a claim against Mr. Justin Jones, involving a failure to intervene after he learned of violations through grievance process, should be dismissed under *Gallagher*), *adopted*, 2012 WL 1564726 (W.D. Okla. May 3, 2012) (unpublished order by district judge).

[20] Reply 2, ECF No. 34.

[21] *See, e.g.*, *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 n.1 (10th Cir. 2011).

[22] *See Rost v. Steamboat Springs RE-2 School District*, 511 F.3d 1114, 1126 (10th Cir. 2008) ("negligent . . . conduct is insufficient to prove liability under § 1983" (citations omitted)).

Jones in his individual capacity. Because the pleading defect is curable, however, the dismissal should be without prejudice.[23]

## PROPOSED RULING

Mr. Jones is entitled to Eleventh Amendment immunity in his official capacity for the monetary and equitable claims. And, Mr. Uzochukwu has not alleged an affirmative link between Mr. Jones and the alleged violations at the private prison. Accordingly, the Court should grant the motion to dismiss. The dismissal should be without prejudice, however, because the matters involve Eleventh Amendment immunity and a defect in the complaint that is potentially curable.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report by filing an objection with the Clerk of this Court by January 2, 2013.[24] The failure to timely object could prevent an appeal.[25]

## DOCKETING INSTRUCTIONS

The referral has been discharged.

---

[23] *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that when an amendment might cure the deficiencies in the plaintiff's allegations, the dismissal should be without prejudice).

[24] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A), 6(a)(6)(A), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[25] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 13th day of December, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge